IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-----------------------------------------------------------X
:
ANDREW KOPPERL                               :         3:09 CV 1754 (CSH)
:
:
V.                                                    :
:
KENT S. BAIN ET AL.                          :         DATE: JANUARY 17, 2012
:
-----------------------------------------------------------X

RULING ON PENDING DISCOVERY DISPUTES

On October 29, 2009, plaintiff Andrew Kopperl commenced this lawsuit against defendants Kent S. Bain, Automotive Restorations, Inc. ["defendant ARI"], and Vintage Racing Services, Inc. ["defendant VRS"], with respect to plaintiff's financial involvement with, and employment with, defendants ARI and VRS, commencing in March 2006, from which plaintiff had a parting in October 2009 (Dkt. #1); plaintiff filed his Amended Complaint on November 13, 2009 (Dkt. #7), followed by a Third Amended Complaint, filed on July 16, 2010 (Dkt. #29), which added defendants John Rolls and Lawrence A. Neviaser.[1]   The Third Amended Complaint alleges the following nineteen counts: Injunctive Relief (First Count); Declaratory Relief (Second Count); Fraudulent Misrepresentation (Third Count); Negligent Misrepresentation (Fourth Count); violation of the Connecticut Uniform Securities Act (Fifth Count); Breach of Contract regarding Stock (Sixth Count); Breach of Contract regarding Amounts Due (Seventh Count); violation of CONN. GEN. STAT. § 31-72, against defendants ARI and VRS only (Eighth Count); violation of CONN. GEN. STAT. § 31-72, against defendant Bain only (Ninth Count); Breach of Fiduciary Duty (Tenth Count); Breach of Contract Implied in Fact (Eleventh Count); Promissory Estoppel (Twelfth Count); Conversion as to Personalty

---

[1]See also Dkts. ##22, 28 (regarding Second Amended Complaint).

(Thirteenth Count); Conversion of Ownership Interests, against defendants Bain, Rolls and Neviaser only (Fourteenth Count); Claim Pursuant to CONN. GEN. STAT. § 52-564, against defendants Bain, Rolls and Neviaser only (Fifteenth Count); Tortious Interference with Contractual Relations, against defendants Rolls and Neviaser only (Sixteenth Count); Tortious Interference with Business Expectancy, against defendants Rolls and Neviaser only (Seventeenth Count); Civil Conspiracy, against defendants Rolls and Neviaser only (Eighteenth Count); and Unjust Enrichment, against defendants Bain, ARI and VRS only (Nineteenth Count).[2]

On December 23, 2009, defendants Bain, ARI and VRS filed their Answer, Affirmative Defenses, and Counterclaims (Dkt. #14), followed by Amended Counterclaims, filed January 8, 2010 (Dkt. #18). Defendants Bain, ARI and VRS asserted nine counterclaims against plaintiff: Breach of Duty to Negotiate in Good Faith (Count One); Declaratory Relief (Count Two); Fraudulent Misrepresentation (Count Three); Negligent Misrepresentation (Count Four); Breach of Fiduciary Duty (Count Five); Breach of Loyalty (Count Six); Civil Theft (Count Seven); Conversion (Count Eight); and Computer Crime in violation of CONN. GEN. STAT. § 53a-251 (Count Nine). On January 22, 2010, plaintiff filed his Motion to Dismiss Defendants' Amended Counterclaims (Dkt. #19), with respect to Counts One, Three, Four, Five, Six, Seven, Eight and Nine. On August 30, 2010, Senior U.S. District Judge Charles S. Haight, Jr. filed his lengthy ruling (Dkt. #35), in which he dismissed Counts One and Nine, 2010 WL 3490980, at *5-7, 9-10, and in which he dismissed, without prejudice to replead,

---

[2]Defendants' Motion to Dismiss the Third though Nineteenth Counts is presently pending before the Court. (Dkts. ##36-37, 47, 49).

Counts Three, Four, Five, Six, Seven and Eight.  Id. at *7-8.[3]

On December 16, 2011, Judge Haight referred this file to this Magistrate Judge to supervise discovery and resolve discovery disputes, except for two pending discovery motions.  (Dkt. #62).[4]  In light of all counsel's preference that discovery matters be handled expeditiously, and without resorting to formal briefing, on January 3, 2012, plaintiff's counsel forwarded a three-page memorandum outlining seven areas of dispute between the parties,[5] as to which defendants responded three days later.[6]  A lengthy telephonic discovery conference was held before this Magistrate Judge to discuss the seven items addressed in the two memoranda.  (See Dkts. ##63-64).

Plaintiff contends that despite the fact that defendants have produced more than 8,000 pages of documents, they have not produced "many key documents[,]" but rather duplicative materials or ones of "limited utility in this case[,]" many of which are "readily

---

[3]Defendants' Motion for Reconsideration, with respect to Counts One and Nine, is also pending.  (Dkts. ##38-39, 45).

[4]Those two motions are Motions for Protective Orders filed by plaintiff.  (Dkts. ##55-56, 57, 58, 59-60, 61).

[5]Eight exhibits were attached: copy of plaintiff's Third Amended Complaint (Exh. A); copy of plaintiff's Notice of Deposition, dated February 4, 2010, on defendant Bain, with attachments (Exh. B); copy of plaintiff's First Set of Requests for Production, dated July 18, 2011, on defendant Neviaser and on defendant Rolls, with attachments (Exh. C); copy of Defendant Neviaser's Responses and Objections to Plaintiff's First Set of Requests for Production, and of Defendant Rolls' Responses and Objections to Plaintiff's First Set of Requests for Production, both dated August 17, 2011 (Exh. D); excerpts from depositions of defendants Bain, Rolls, and Neviaser, taken on June 7, June 21, and June 28, 2011, respectively (Exh. E); additional excerpts from defendant Neviaser's deposition (Exh. F); redacted copy of e-mail between defendants, dated September 18, 2009 (Exh. G); and copy of plaintiff's Second Request for Production of Documents, dated March 29, 2011, with attachments (Exh. H).

[6]Attached as Exh. A are excerpts from plaintiff's deposition, taken on July 2, 2011; attached as Exh. B is a Chronology of Defendants' Production of Documents.

If an objection is filed to this ruling, then both letters and exhibits will be submitted to the Clerk's Office for filing on CM/ECF.

3

available" from defendants ARI and VRS' computer networks. (1/3/12 Memo at 1-2 & n.1, Exhs. A-D).  In contrast, defendants argue that plaintiff's demands are untimely, occurring "almost two years after the parties exchanged documents[,]"[7] and the electronic searches will be "costly and duplicative" in that defendants already have "manually gathered and produced no fewer than 8,157 pages of documents" not including accounting records. (1/6/12 Memo at 1 & Exh. B).

With regard to the company e-mails of defendant Neviaser, which are "too voluminous and impracticable to search" manually, counsel had conferred in early November 2011, during which conference defense counsel agreed to an electronic search of the company e-mails of defendants Neviaser and Bain (defendant Rolls does not have a company e-mail account), for a discrete number of search terms, the expense of creating the database to be borne equally by both sides; according to defendants, less than one week later, in mid-November 2011, plaintiff demanded that the electronic term search include not just company e-mail but also the company document server, desktop drives, and storage devices, as well as the personal computers of all defendants, with supplemental search terms. (1/6/12 Memo at 1-2).

1.  DEFENDANTS' ALLEGED FAILURE TO CONDUCT AN ADEQUATE SEARCH OF THEIR PERSONAL COMPUTERS

At the time of their depositions in June 2011, defendants Bain, Rolls and Neviaser testified that they did a manual search of their personal computers for responsive documents, finding a limited number of documents.  (1/3/12 Letter at 2 & Exh. E). Defendants represent that subsequent to these depositions, the personal computers were

---

[7]Under the last Scheduling Order (Dkt. #54), all discovery was to have been completed by September 1, 2011.

searched again, in late June and mid-July 2011, and supplemental production was made. Based upon defendants' representations, no further searches are required of these three personal computers.

### 2-3. DEFENDANTS' ALLEGED FAILURE TO SEARCH ALL OF DEFENDANT ARI'S COMPUTER SERVERS, AND DEFENDANTS' ALLEGED USE OF INCOMPLETE SEARCH TERMS

With respect to defendant ARI's computer servers, plaintiff requests that a search be done of the ARI File Services (the M:Drive or its successor), the Auto-Restore.com Domain Server (the Microsoft Exchange Server), as well as defendants Bain's and Neviaser's office computers (C:Drive and associated backup/external drives). (1/3/12 Letter at 2). Plaintiff also seeks eight additional search terms: Andogenda, partner, definitive agreement, LOI, letter of intent, officer, director, and CFO. (Id.).

As recently as two months ago, after the expiration of the discovery deadline,[8] the parties were striving toward reaching an agreement regarding electronic discovery, when plaintiff's additional "demands" allegedly derailed the agreement from defendants' perspective. To the extent that plaintiff is placing additional burdens on defendants with respect to electronic discovery, then plaintiff should bear the financial burden of his incremental demands.

Therefore, defendants' computer consultant shall calculate what the expenses would have been in creating the database to which defendants had agreed in early November 2011, and defendants shall pay 50% of that amount. Plaintiff shall pay 50% of that amount, and 100% of all incremental expenses in searching the additional company drives and additional terms he requests. Counsel shall confer with each other in determining a reasonable time

---

[8] See note 7 supra.

period in which this database can be created, and sufficient time for defendants to review any documents captured by the search.[9]  Defense counsel is quite correct that it is most unfortunate that these issues were raised so late in the discovery process, but given the distrust on both sides that obviously permeates this litigation, it is prudent to determine whether all relevant documents have been discovered.

### 4. DEFENDANTS' FAILURE TO PRODUCE BANK RECORDS

All counsel agreed with this Magistrate Judge's suggestion that defendants produce the monthly statements for the Bank of America, Sikorsky Federal Credit Union, and Morgan Guaranty accounts for the months of December 2006, December 2007, December 2008, December 2009, December 2010, and December 2011.

### 5. DEFENDANTS' ALLEGED FAILURE TO IDENTIFY ANY DOCUMENTS REGARDING DEFENDANT BAIN'S OFFERING STOCK TO MESSRS. CRONIN AND RECHTIENE

All counsel agreed that defense counsel would send an additional letter confirming again that defendant Bain and Messrs. Cronin and Rechtiene have no additional documents regarding defendant Bain's offer of 5% of ARI stock to Mr. Cronin and his offer of 20% stock to Mr. Rechtiene.

### 6. DEFENDANTS' ALLEGEDLY IMPROPER ASSERTION OF THE ATTORNEY-CLIENT PRIVILEGE

All counsel agreed that it was appropriate for the Magistrate Judge to read the unredacted version of the September 18, 2009 e-mail.  (See 1/3/12 Memo at 3 & Exhs. F-G; 1/6/12 Memo at 3).  On January 12, 2012, defense counsel forwarded the unredacted version, and after a careful review of the entire e-mail, the Magistrate Judge agrees that the

---

[9]This allocation is limited only to the creation of the database.  This ruling leaves open the possibility that defendants may seek, at a later time, reimbursement for time spent by their attorneys and/or paralegal staff in reviewing these documents.

first paragraph is covered by the attorney-client privilege and need not be disclosed. As a result, the same conclusion is reached with respect to the discussions with counsel that took place sometime between October 7 and 12, 2009, at issue in the Neviaser deposition (1/3/12 Memo at 3 & Exh. F), which discussion clearly occurred after the September 18, 2009 e-mail.

### 7. DEFENDANTS' ALLEGEDLY IMPROPER ASSERTION OF WORK PRODUCT DOCTRINE

Plaintiff's Second Request for Production of Documents, dated March 29, 2011, pertains to defendant Roll having retained a private investigator to investigate plaintiff and his family members; defendants object to this discovery on the basis of the work product doctrine. (1/3/12 Memo at 3 & Exh. H; 1/6/12 Memo at 3). As agreed upon by all counsel, on January 11, 2012, plaintiff's counsel forwarded to the Magistrate Judge an e-mail string between defendants Rolls, Bain, and Neviaser, all dated October 8, 2009, and on January 12, 2012, defense counsel forwarded to the Magistrate Judge for her in camera review correspondence from the private investigator, dated December 2009. Based upon a careful review of the December 2009 correspondence, the Magistrate Judge agrees that this matter is protected by the work product doctrine.

### 8. ADDITIONAL MATTERS

As previously indicated, counsel shall confer with each other in determining a reasonable time period in which the electronic database can be created, and sufficient time for defendants to review any documents captured by the search. **On or before January 31, 2012**, counsel shall forward a status report, either jointly or individually, to this Magistrate Judge's Chambers with respect to their progress in this regard. A telephonic discovery conference will be scheduled thereafter, to set a revised Scheduling Order for the

completion of discovery and the filing of dispositive motions.[10]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 17th day of January, 2012.

 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[10]See note 7 supra.