IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
ANDREW KOPPERL                           :           3:09 CV 1754 (CSH)
:
:
V.                                       :
:
KENT S. BAIN ET AL.                      :           DATE: MAY 1, 2014
:
------------------------------------------------------X

<u>RULING ON PENDING DISCOVERY MOTIONS</u>

   The factual and procedural history behind this litigation is set forth in considerable detail in three prior rulings in this case: the Ruling on Plaintiff's Motion to Dismiss Amended Counterclaims of Certain Defendants, filed August 30, 2010 by Senior U.S. District Judge Charles S. Haight, Jr. (Dkt. #35)["August 2010 Ruling"], this Magistrate Judge's Ruling on Pending Discovery Disputes, filed January 17, 2012 (Dkt. #65), and this Magistrate Judge's Ruling on Defendants' Motion for Protective Order and to Quash Subpoenas, filed May 22, 2012 (Dkt. #79), familiarity with which is presumed.  Defendants have filed a Motion for Reconsideration (Dkt. #38), regarding the August 2010 Ruling, which is currently pending. Under the latest scheduling order, all Motions for Summary Judgment are due within thirty days of the Court's ruling on defendants' pending Motion to Dismiss.  (Dkts. ##80-81; <u>see also</u> Dkt. #36).

   On July 15, 2011, plaintiff filed the pending Motion for Protective Order and brief in support (Dkts. ##55-56),[1] which sought to bar defendants from inquiring into areas that were only relevant to defendants' counterclaims that had been dismissed without leave to replead by Judge Haight in the August 2010 Ruling, in particular, Count Nine of defendants'

---

[1]Copies of case law, from this and other districts, were attached.

Amended Counterclaims.  (See Dkts. ##18, 35).  Eleven days later, defendants filed their brief in opposition.  (Dkt. #57).[2]  On August 8, 2011, plaintiff filed his reply brief.  (Dkt. #58).[3]

One week later, plaintiff filed his Motion for Protective Order and for Order to Quash Subpoena and brief in support (Dkts. ##59-60),[4] again to prevent defendants from seeking documents and deposition testimony from Verizon, pursuant to a subpoena dated August 5, 2011, because the discovery sought is only relevant to Count Nine of defendants' Amended Counterclaims, which was dismissed without leave to replead by Judge Haight.  (See Dkt. #35).  On September 6, 2011, defendants filed their brief in opposition.  (Dkt. #61).  On March 12, 2014, these two discovery motions were referred to this Magistrate Judge. (Dkt. #83).

As the U.S. Supreme Court held in Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978), "it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken[.]" (footnote omitted).  Based upon this language in Oppenheimer, judges in this district, as well as in other districts, have refused to allow parties to pursue discovery regarding claims that previously have been dismissed.  Jackson v. AFSCME Local 196, No. 07 CV 471 (JCH), 2008 WL 1848900, at *3-4 (D. Conn. Apr. 25, 2008); see also Bourget v. Gov't Emp. Ins. Co., 313 F. Supp. 367, 372-73 (D. Conn. 1970),

---

[2]The following six exhibits were attached: copy of plaintiff's deposition, taken on July 12, 2011 ["Plaintiff's Depo. Tr."](Exh. A); copy of computer log in activity (Exh. B); copy of a draft Letter of Intent and Agreement in Principle, dated February 27, 2006 (Exh. C); copy of notes of "Our deal, 11/1/06" (Exh. D); copy of notes "Andogenda Our deal, 11/1/06" (Exh. E); and copy of e-mail, dated October 24, 2007 (Exh. F).

[3]Another copy of a decision from the Middle District of Pennsylvania was attached.

[4]Copies of the same case law are attached.  See note 1 supra.

rev'd on other grounds, 456 F.2d 282 (2d Cir. 1972); Walsh v. U.S., No. 1:05-CV-0818, 2007 WL 2580627, at *2 (M.D. Pa. Aug. 22, 2007); Devlin v. Transp. Comm. Int'l Union, Nos. 95 Civ. 0752 (JFK/JCF), 95 Civ. 10838 (JFK/JC), 2000 WL 28173, at *5 (S.D.N.Y. Jan. 14, 2000). As plaintiff appropriately acknowledges (Dkt. #56, at 4-5), if Judge Haight reaches a different conclusion after ruling on defendants' Motion for Reconsideration, then defendant would be entitled to discovery relating to Count Nine of the Amended Complaint. See Devlin, 2000 WL 28173, at *5.

In contrast, defendants argue that the deposition inquiries about computer fraud were appropriate, as such testimony has a bearing upon plaintiff's credibility, in light of plaintiff's alleged prior misconduct, particularly with regard to the issue of contract formation. (Dkt. #57, at 5-11, 14-20). Defense counsel especially takes issue with the instructions of plaintiff's counsel to his client not to answer questions regarding computer fraud. (Id. at 12-14). Defense counsel recognizes that it will be up to trial judge to decide whether any of plaintiff's alleged misconduct is admissible at trial under FED. R. EVID. 608(b)(1). (Id. at 17-18).

A careful review of the transcript of plaintiff's deposition reveals that despite the repetitive objections by plaintiff's counsel, plaintiff did respond to all the questions posed by defense counsel regarding his access to the computer system of defendant Automotive Restorations, Inc. ["ARI"] and to the e-mails of other individuals, prior to his termination on October 13, 2009. (See, e.g., Plaintiff's Depo. Tr. at 7-65, 69-71, 89-96, 100-25, 132, 134, 137-41, 145-46, 149-52).[5]

---

[5]There were also a few instances where plaintiff's counsel instructed his client not to answer, but those questions related to attorney-client matters, and not to the computer fraud issue. (Id. at 143-45).

A lengthy colloquy ensued when defense counsel inquired about plaintiff's attempts to remotely access ARI's e-mail system after his termination, when plaintiff's counsel instructed his client not to answer the questions. (Id. at 154-64). There also was a brief colloquy between counsel regarding plaintiff's IP address (id. at 173-77), but then plaintiff proceeded to answer multiple questions about his IP address. (Id. at 175-83, 187-92). A brief colloquy between counsel occurred when defense counsel inquired about an attempt on November 9, 2009 to access ARI's computer with an IP address that was the same as that of plaintiff, with plaintiff's counsel again instructing his client not to answer. (Id. at 192-95). Plaintiff did testify, however, as to remote access late on November 9, 2009 and again on November 10, 2009, again over the objection of his own counsel. (Id. at 195-203).

Despite all the bluster in these briefs, there were only two instances when the instructions of plaintiff's counsel not to answer resulted in a detour of defense counsel's line of questioning, with plaintiff instead having answered the overwhelming majority of questions directed to him regarding his alleged computer misuse, over the objection of his counsel. Thus, this case is not similar to Rhea v. Uhry, No. 05 CV 189 (VLB), 2007 WL 2782512, at *1 (D. Conn. Sept. 21, 2007), cited by defendants, in which defense counsel instructed his client not to answer 113 questions posed to defendant during his deposition by the pro se plaintiff.

Because as of the moment Count Nine of defendants' Amended Counterclaims is no longer part of this lawsuit, plaintiff's Motion for Protective Order (Dkt. #55) is granted with respect to the two instances where plaintiff's counsel instructed his client not to answer the pending questions regarding computer fraud, without prejudice to reconsideration if Judge Haight reinstates Count Nine of defendants' Amended Counterclaims at a later time.

The same conclusion is reached regarding plaintiff's Motion for Protective Order and for Order to Quash Subpoena (Dkt. #59), which seeks documents from Verizon pertaining to plaintiff's alleged accessing of e-mails on the ARI systems on November 7, 8, 9, 10 and 15, 2009, after his termination. (Dkt. #59, Exh. A). Accordingly, plaintiff's Motion for Protective Order and for Order to Quash Subpoena (Dkt. #59) is <u>granted, without prejudice to reconsideration if Judge Haight reinstates Count Nine of defendants' Amended Counterclaims at a later time.</u>

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit).**[6]

---

[6]If all counsel agree that a continued settlement conference before this Magistrate Judge would be productive, they should contact Chambers accordingly. (<u>See</u> Dkts. ##69, 75).

Dated at New Haven, Connecticut, this 1st day of May, 2014.

        /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge