UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW D. KOPPERL, | : | CIVIL ACTION NO. |
| | : | 3:09-CV-1754 (CSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KENT S. BAIN, AUTOMOTIVE | : | |
| RESTORATIONS, INC., VINTAGE | : | MAY 6, 2014 |
| RACING SERVICES, INC., JOHN ROLLS, | : | |
| and LAWRENCE A. NEVIASER, | : | |
| | : | |
| Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION OF RULING
DISMISSING CERTAIN COUNTERCLAIMS**

**HAIGHT, Senior District Judge:**

This diversity action arises out of a failed business transaction which, in its early stages, contemplated Plaintiff becoming a partner in the automotive business conducted by the corporate Defendants. Nothing came of it, Plaintiff commenced this action, and the pleadings asserted a number of claims and counterclaims.

In a Ruling reported at 2010 WL 3490980 (August 30, 2010), familiarity with which is assumed, the Court dismissed all but one of Defendants' nine counterclaims. The case was subsequently referred to Magistrate Judge Margolis for the resolution of discovery issues, and at the joint request of counsel, the exploration of possible settlement. A Ruling by Judge Margolis [Doc. 87] and separate communications of counsel point out that there are two pending motions which fall outside the referral to the Magistrate Judge. These are Defendants' Motion to Dismiss the Third

through Nineteenth Counts of Plaintiff's Third Amended Complaint [Doc. 36], and Defendants' Motion for Reconsideration of the prior Ruling dismissing counterclaims [Doc. 38]. This Ruling decides the latter, Defendants' motion for reconsideration. The motion to dismiss will be the subject of a separate Ruling.

The Court's prior Ruling, 2010 WL 3490980, dismissed Counts One and Nine of Defendants' nine-count counterclaim without leave to replead. Counts Three through Eight were dismissed with leave to replead within a stated period of time. Defendants have not repleaded those counts. Their present motion for reconsideration relates solely to the dismissal of Counts One and Nine.

Motions for reconsideration serve a useful but distinctly limited role in litigation. They are never granted to a disappointed party who seeks only to relitigate a decided issue. To succeed on a motion for reconsideration, the moving party must be able to identify controlling decisions on governing law, or material facts in the record, that the trial court overlooked – matters, in other words, that might reasonably be expected to alter the court's conclusion if they had *not* been overlooked. The recognized grounds for granting a motion for reconsideration are an intervening change in controlling law; the availability of new evidence; or the need to correct a clear error or prevent manifest injustice. These principles are so well established that they do not require the citation of authority. Defendants in the case at bar do not satisfy those demanding standards.

Count One of the counterclaim purported to allege a breach by Plaintiff of his duty to negotiate a contract in good faith. I dismissed that claim because the law of Connecticut, binding in this diversity case, does not recognize such a cause of action, as at least one subsequent decision also concludes. *See Miller Auto. Corp. v. Jaguar Land Rover North America, LLC*, 812 F.Supp.2d 133, 137 (D. Conn. 2011) (Burns, *J.*) ("As the *Kopperl* court noted, there is no cause of action for

breach of duty to negotiate in good faith under Connecticut law."), *aff'd on other grounds*, 471 F. App'x 37 (2d Cir. 2012).

Defendants' counsel contend in their brief supporting reconsideration [Doc. 39] at 2 and 4 that "it is incumbent upon the Court to predict how the Connecticut Supreme Court would decide the issue presented," and go on to answer that question themselves: "the Court should predict that the Connecticut Supreme Court would be guided by New York law and would hold that an express agreement to negotiate in good faith alleged in Count One is valid and enforceable."  At the very most, this argument is an advocate's wishful thinking; it falls well short of what a litigant must show to gain reconsideration and alteration of a trial court's adverse ruling.

The Court adheres to its ruling that Count One must be dismissed without leave to replead. Leave to replead this Count is denied because it would be futile.

As for Count Nine of Defendants' counterclaim, it alleged that Plaintiff violated the state's computer-crime statute, Conn. Gen. Stat. § 53a-251.  As the Court's prior Ruling observes, the conduct by Plaintiff of which Defendants complain all occurred after Plaintiff's termination from employment.  The Court dismissed Count Nine because it "fails to allege that Kopperl accessed any private personal data, or that he misused any accessed data and caused injury thereby."  2010 WL 3490980, at *9.  That dismissal was without leave to replead.

Defendants complain of that in their motion for reconsideration.  Their brief points out correctly that the Ruling's dismissal of other, common-law counts for failure to allege damages adequately granted leave to replead.  Counsel say,  Doc. 39 at 5, that "the Court's Ruling offers no explanation for the differential treatment of Count Nine."  The brief for reconsideration continues:

3

> Defendants are prepared to replead Count Nine, to allege that they incurred identifiable economic loss. Due to Plaintiff's unauthorized accessing of Defendants' computer system, Defendants paid a consultant approximately $15,000 to examine their system, to make preliminary security improvements, and, ultimately, to replace the compromised servers.

*Id*.

Defendants' choosing not to replead the common-law counts indicates that Plaintiff's conduct did not cause Defendants any economic damage in the ordinary sense. The viability of Count Nine depends upon the meaning of § 52-570b(d) of the Connecticut statute, quoted in the prior Ruling, 2010 WL 3490980 at *9. Assuming without deciding that Plaintiff's post-termination computer-related conduct constituted "misuse of private personal data," as that phrase is used in the statute, I cannot agree that the cost of capital improvements to Defendants' computer system, sensible as they may have been in the circumstances, constitute "actual damages" as *that* phrase is used in the statute. While the statute provides that "[p]roof of pecuniary loss is not required to establish actual damages" in connection with a violation, "actual damages" resulting from wrongful conduct must still be shown. Defendants' apparent claim that the cost of a new computer system to prevent *future* unauthorized accessing constitutes damages actually ascribable to Plaintiff's *past* accessing stretches the statute beyond common sense. On Defendants' theory, they would tax Plaintiff with the cost of relocating their business to a different building in a different town, if their consultant opined that would increase security.

The Court adheres to its Ruling on Count Nine of the counterclaim.

For the foregoing reasons, Defendants' motion for reconsideration [Doc. 38] is DENIED.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         May 6, 2014

                                        /s/Charles S. Haight, Jr.
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge