**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

---

ANDREW KOPPERL,

               Plaintiff,

   v.

KENT S. BAIN, AUTOMOTIVE
RESTORATIONS, INC. VINTAGE RACING
SERVICES, INC., JOHN ROLLS, and
LAWRENCE A. NEVIASER,

          Defendants

Case No. 3:09-cv-01754 (CSH)

**JANUARY 26, 2016**

---

## RULING ON PENDING MOTION FOR RECONSIDERATION AND MOTION TO DISMISS

HAIGHT, Senior District Judge:

In a decision reported at 23 F.Supp.3d 97 (D. Conn. 2014) ("the June 2, 2014 Ruling") [Doc. 90], the Court denied in part and granted in part Defendants' motion to dismiss. Thereafter, Plaintiff filed a motion for reconsideration [Doc. 93] and a fourth amended verified complaint (the "Fourth Amended Complaint") [Doc. 96] which included two of the counts dismissed in the June 2, 2014 Ruling. Defendants then moved to dismiss [Doc. 100] the fourteenth and fifteenth counts of Plaintiff's Fourth Amended Complaint. This decision resolves both the Plaintiff's motion for reconsideration and the Defendants' motion to dismiss.

## I. BACKGROUND

Familiarity with the facts of this case is presumed for the purposes of this decision. A thorough recitation of the factual background of this case may be found in the Court's earlier ruling

1

reported at 2010 WL 3490980 (D. Conn. Aug. 30, 2010) (the "August 30, 2010 Ruling"). Essentially, this case distills to a contract dispute over the alleged failure of Defendant Bain to convey Plaintiff Kopperl's ownership interests in the corporate defendants, Automotive Restorations, Inc ("ARI") and Vintage Racing Services, Inc. ("VRS").

An explanation of the procedural posture of the motions addressed in this decision is necessary. After the June 2, 2014 Ruling granting in part and denying in part Defendants' motion to dismiss [Doc. 36], the Plaintiff filed a motion for reconsideration on June 13, 2014. The motion for reconsideration concerned the dismissal of the fourteenth and fifteenth counts of the Third Amended Complaint. These counts alleged conversion and statutory theft of ownership in the defendant companies.

On June 27, 2014, Plaintiff filed his Fourth Amended Complaint against all Defendants. This complaint added back in the fourteenth and fifteenth counts from the Third Amended Complaint [Doc. 29] without any changes. Both counts were previously dismissed by this Court's June 2, 2014 Ruling. Then, on July 17, 2014, the Defendants filed their motion to dismiss the fourteenth and fifteenth counts of Plaintiff's fourth amended verified complaint.

**II. DISCUSSION**

**A.      Motion for Reconsideration**

In the June 2, 2014 Ruling, this Court concluded that, under Connecticut law, conversion and statutory theft both require that the Plaintiff identify in his pleadings specific property that he possessed and that was converted by the Defendant for his own use. Furthermore, this Court concluded that there could be no conversion or statutory theft in this case because:

Kopperl [Plaintiff] does not identify in his pleading specific property

2

> that he ever possessed and Defendant thereafter converted to his own use. The [Third Amended Complaint] and Kopperl's briefs refer to shares of stock in ARI and VRS, but no shares or share certificates in these companies ever came into Kopperl's possession. On the contrary: Kopperl's complaint is that this never happened.

Doc 90, p. 13.  This Court went on to note that:

> (1) Plaintiff Kopperl bases his claimed entitlement to ownership interests in ARI and VRS upon a contract with Defendant Bain; and (2) the promised but undelivered stock in those companies does not constitute property in the possession of Kopperl, capable of conversion.

*Id.* at 18.

In Plaintiff's motion for reconsideration, Plaintiff Kopperl claims that newly discovered evidence provides grounds for the Court's reconsideration of the prior ruling. The standard for granting a motion for reconsideration is "strict" and will be denied unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration of a ruling by a Court generally requires "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error to prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (*quoting* 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE & PROCEDURE § 4478 at 790 (1981)). Importantly, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

Kopperl's newly discovered evidence consists of allegations made by Defendant Rolls in an

amended complaint in a 2013 lawsuit against Defendant Bain (*Rolls v. Bain*, Civil Action No. 3:13-cv-00027 (JAM)) (the "2013 Complaint") and a 2011 Deposition where Bain testified about stock certificates issued to himself, Rolls and Neviaser. Kopperl notes that in the 2013 Complaint, Rolls alleged that "[a]nother investor (the 'Buyer') [Kopperl] had sought to purchase 47.5 percent of ARI and 40 percent of VRS for a total of $850,0000, and had paid Bain a $425,000 deposit on those shares. After the Buyer failed to fully consummate this deal, Bain offered to sell Rolls the ARI and VRS shares that were the subject of the unconsummated deal between Bain and the Buyer." Doc. 93-2, p. 3, ¶ 7. Rolls further alleged that he agreed to purchase 47.5% of the issued and outstanding shares of ARI (47.5 shares) and 40% of the issued and outstanding shares of VRS (2,000 shares). Doc. 93-2, p. 3, ¶ 8. As Kopperl notes, this is the same number of shares that Bain sold to Kopperl. Doc. 93-1, p. 2.

Additionally, Kopperl states that the 2013 Complaint alleges that Rolls and Bain would not complete their transaction until after the ARI and VRS stock that is the subject of this action "became available upon resolution of the Buyer's [Kopperl's] outstanding claim." Doc. 93-2,  p. 4 ¶ 11. Finally, Rolls alleged that the shares described above were subject to a "'roll back provision, expressly acknowledging that the Buyer's [Kopperl's] outstanding claim, then and still a pending action in the United States District Court for the District of Connecticut . . . might require a roll back of the sale of the first half of the ARI and VRS shares, including the return of the stock to the seller, and the refund of all monies paid by the purchaser." Doc. 93-2,  p. 5 ¶ 13.

As further newly discovered evidence, Kopperl notes that the 2011 deposition discusses the creation of the share certificates for VRS in March of 2010 and the creation of share certificates for ARI in 1978, when the company was created, and the issuance of share certificates to Rolls and

4

Neviaser in 2010. Doc. 93-2, pp. 20–21. Plaintiff Kopperl attached the share certificates that were the subject of the deposition discussion. Doc. 93-2, pp. 25–32. Kopperl asserts that "the ARI and VRS stock certificates issued to Bain, Rolls and Neviaser are the physical embodiment of the stock they converted from Kopperl." Doc. 93-1, p. 3.

Kopperl claims that the allegations from the 2013 Complaint, the statements in the 2011 Deposition, and the stock certificates provide documentary evidence necessary to sustain a conversion claim for an intangible property interest. Doc. 93-1, p. 1–3. Kopperl further asserts that the evidence presented in the motion for reconsideration also demonstrates that "at all relevant times, the ARI and VRS stock at issue in the Kopperl Action belonged to Kopperl." Doc. 93-1, p. 9. But, this is problematic. At best, Kopperl's newly discovered evidence identifies which specific stock was to be delivered to him under the contract with Bain that was never fully consummated. However, the Court is not persuaded that the evidence demonstrates the point Kopperl asserts that it does. All that the Court can say with certainty is that Kopperl claims he is entitled to the same percentages of stock as defendants Rolls and Neviaser received, and that the 2013 complaint recognizes that Kopperl has a pending case based on contractual rights to shares of the Defendant companies pending before this Court.

Furthermore, the fact remains that Kopperl never possessed the stock in the Defendant companies or stock certificates demonstrating his ownership in the Defendant companies. The stock certificates included as exhibits to the motion for reconsideration are in the names of the defendants: Bain, Rolls, and Neviaser. It still remains the case that "the promised but undelivered stock in those companies" does not constitute property in the possession of Kopperl, "capable of conversion." Doc. 90, p. 17–18. Nothing in Kopperl's motion for reconsideration contravened this essential element

5

that the plaintiff have, at least at some point in time, "possession of, or legal title to, the money," or in this case, the stocks, to assert a claim of conversion in Connecticut. *See Deming v. Nationwide Mutual Insurance Co.*, 279 Conn. 745, 722 (2006). The fact that these stocks were delivered to Rolls and Neviaser by Bain does not change this analysis.

Even if it were the case that this evidence was sufficient to demonstrate that Kopperl did at one time possess the stocks in question in this suit, the Court is not persuaded that the evidence put forth by Kopperl is "newly discovered evidence." In order to succeed on a motion for reconsideration based on newly discovered evidence, the evidence must be "truly newly discovered or . . . could not have been found by due diligence." *U.S. v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (*quoting Westerly Electronics Corp. v. Walter Kidde & Co.*, 367 F.2d 269, 270 (2d Cir. 1966)). Furthermore, newly discovered evidence must not have been available prior to entry of the judgment leading to reconsideration. *Association of Holocaust Victims for Restitution of Artwork and Masterpieces v. Bank Austria Creditanstalt AG*, 2005 WL 30995992 (S.D.N.Y. Nov. 17, 2005); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (finding no abuse of discretion where court denied reconsideration when the purported intervening controlling law was decided five months before the district court granted summary judgement, and where defendants failed to bring the court's attention to the law before the order granting summary judgment).[1] If that were not the case, the movant in a motion for reconsideration would have a

---

[1] Plaintiff asserts that *Analytical Surveys, Inc. v. Tonga Partners*, among other cases, is distinguishable by virtue of the procedural posture of the motions in each case. Plaintiff notes that these cases decided motions under Fed. R. Civ. P. 59 or 60, which "pertain[] to post-judgment motions for a new trial or to amend a judgment." Doc 104, p. 4. Further, Plaintiff asserts that "[t]he standard for ruling on a Rule 59 motion is not the same as the standard for ruling on a motion for reconsideration of a pre-trial ruling on a motion." *Id*. However, "motions

proverbial "second bite at the apple." *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

Defendants assert that Kopperl's newly discovered evidence was not in fact newly discovered and was available to Kopperl, if he had used due diligence, far before the final ruling in this case ("The Rolls Complaint–purportedly containing material judicial admissions–was filed on December 27, 2013, more than five months prior to the Ruling. The Bain Deposition was taken on July 19, 2011 and its accompanying exhibits were provided before then, nearly three years prior to the Ruling.") Doc 102, p. 6–7**.** Kopperl does not contest this in his motion for reconsideration or in his reply briefs. Instead, Kopperl states that the newly discovered evidence emerged "[a]fter the completion of the briefing on defendants' motion to dismiss." As noted above, the standard applied in motions for reconsideration is whether the evidence was discovered prior to the ruling, not the completion of briefing.

Furthermore, the 2011 Deposition is from this very case. Doc. 93-2, p. 18. It cannot be said that a deposition taken by the Plaintiff, Kopperl, of the Defendant, Bain, in 2011 was not reasonably available to Kopperl before the June 2, 2014 Ruling and could not have been found by due diligence. Furthermore, Kopperl provides no explanation to rebut Defendants' assertion that Kopperl had these materials before the ruling in this case.  Thus, the Court finds that this evidence was not newly

---

pursuant to Rule 59(e), Rule 60(b) and Local Rule 7(c) for reconsideration are treated under the same standard." *Levy v. World Wrestling Entertainment, Inc.,* 2009 WL 2382022 (D. Conn. July 31, 2009); *see also* C. WRIGHT, A. MILLER, E. COOPER & E. GRESSMAN, 16 FEDERAL PRACTICE AND PROCEDURE § 3950, at 364 n. 7 (1977) ("Any kind of motion that draws into question the correctness of the district court judgment is considered to be a motion 'to alter or amend the judgment' under Civil Rule 59(e). Such a motion may variously be styled a motion to reconsider, a motion for rehearing, a motion to reargue, a motion to vacate, or a motion to set aside the judgment.")

discovered.

With regards to the 2013 Complaint, Defendants notes that the complaint was filed in December of 2013, more than five months before the June 2, 2014 Ruling. Kopperl counters that the lawsuit between Rolls and Bain was concealed from Kopperl because this case was not disclosed as a related case on the Civil Cover Sheet required by the District of Connecticut Local Civil Rule 3(a)(2). Kopperl also claims the case was further concealed because Rolls refers to Kopperl as "Buyer" rather than by his name.  Doc. 104, p. 2. However, Kopperl does not make any assertion as to when he actually discovered the pleadings from *Rolls v. Bain.* Moreover, Defendants argue that there is no definition of a "related case" under the Local Rules of this District and that *Rolls v. Bain* is centered on "contractual claims that are distinct from the claims here and do not directly involve Plaintiff." Doc. 110, p. 3–4.

The Court need not decide whether or not this is a "related case" for the purposes of determining this motion. Aside from this dispute regarding related cases, *Rolls v. Bain* was filed in the same district as the case at hand, and is a public proceeding discoverable by Kopperl if he had exercised due diligence.[2] *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Young*, 1997 WL

---

[2] Kopperl further argues that due to the continuing nature of the discovery and the fact that no trial date has been scheduled, the Court should consider the 2011 Deposition and the 2013 Complaint. Kopperl cites *Schoolcraft v. City of New York*, for this proposition. 298 F.R.D. 134, 137 (S.D.N.Y. 2014) ("Another factor that favors reconsideration is the current pace of discovery in the matter.") Kopperl's citation is misleading. In *Schoolcraft*, the Court granted the motion for reconsideration partially because the underlying motion for leave to amend would only minimally expand the scope of discovery. *Id.* at 137–38. The motion for reconsideration was not granted because of the complexity of the discovery in the case. *Id.* Further, if it were the case that any time there is ongoing discovery and a trial has not been scheduled, a party could file a motion to reconsider an order from the court based on evidence discovered prior to the order, the result would entitle litigants to many bites at the apple and would waste judicial resources. *See Cordero v. Astrue*, 574 F.Supp.2d 373, 380 (S.D.N.Y. 2008) ("[r]econsiderations of a previous

163454, *1 (S.D.N.Y. April 4, 1997) (holding evidence was not newly discovered for purposes of a motion for reconsideration where "the evidence upon which plaintiffs now rely was . . . publicly available.")  Because Plaintiff has not made any assertion as to when he actually discovered the pleadings, and because due diligence would have revealed the existence of the 2013 Complaint in *Rolls v. Bain*, the Court finds that this is also not newly discovered evidence.

Finally, Kopperl requested that if the Court denied his motion for reconsideration, the Court's dismissal of the counts fourteen and fifteen of the Third Amended Complaint be without prejudice for him to refile based on new evidence. Doc. 93, p. 12. However, as the Court has already denied the motion for reconsideration partially on the grounds that the new evidence does not prove what Kopperl claims it proves and as this tactic appears to ask for yet a third bite at the apple, the Court's dismissal of the fourteenth and fifteenth counts of the Third Amended Complaint without leave to amend stands.

**B.     Motion to Dismiss**

On July 17, 2014, Defendants filed a motion to dismiss the fourteenth and fifteenth counts of the Fourth Amended Complaint on the basis that Kopperl replead claims that the Court dismissed in the June 2, 2014 order without leave to replead. Doc. 100, p. 1. Kopperl noted, in his opposition, that because the motion for reconsideration was still pending, and alternatively because he requested that he be permitted to replead these counts to allege facts consistent with the newly discovered evidence, that he had alleged the two counts identically to the Third Amended Complaint. Doc. 103,

---

order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" (*quoting In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)).

p. 2–3.

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "Thus, where a party files an amended complaint where leave or consent is required and no leave or consent has been given, the complaint has no legal force or effect." *Rose v. City of Waterbury*, 2013 WL 3967649 (D.Conn. July 31, 2013). Further, where a party has repleaded "word-for-word reiterations of pleadings already dismissed by the district court," then refusal of leave to amend is appropriate, or in this case, dismissal of the counts replead without leave to amend. *See Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 Fed. App'x 97, 101 (2d Cir. 2011).

Here, Plaintiff has submitted word-for-word the already dismissed counts fourteen and fifteen in his Fourth Amended Complaint. Furthermore, Plaintiff has not been given leave to replead these counts. Thus, the Court grants the Defendants' motion to dismiss the fourteenth and fifteenth counts of the Fourth Amended Complaint.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's [Doc. 93] motion for reconsideration and Defendants' [Doc. 100] motion to dismiss are decided by the Court as follows:

1. The Plaintiff's  motion [Doc. 93]  for reconsideration of the Court's June 2, 2014 Ruling [Doc 91], granting in part and denying in part Defendants' motion [Doc. 36] to dismiss,  is DENIED.

2. The Plaintiff's further request for leave to refile counts fourteen and fifteen as alternate relief in the motion for reconsideration [Doc. 93] is DENIED.

3. The Defendants' motion [Doc. 100] to dismiss the fourteenth and fifteenth counts of the fourth amended complaint is GRANTED.

**It is SO ORDERED.**

**Dated:   New Haven, Connecticut**
**January 26, 2016**

*/s/ Charles S. Haight, Jr.*
**CHARLES S. HAIGHT, JR.**
**Senior United States District Judge**